UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Global Aluminum Distributor LLC,<br><br>     Plaintiff,<br><br> v.<br><br>United States and U.S. Customs and Border Protection,<br><br>     Defendants. | Court No. 21-00198 |

## COMPLAINT

Plaintiff, Global Aluminum Distributor LLC ("Global"), by and through its attorneys, Craven Trade Law LLC, alleges and states the following claims against the defendants United States of America ("USA") and U.S. Customs and Border Protection ("CBP") (collectively "US").

## JURISDICTION

1. This action is brought pursuant to the section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA") to contest the November 2, 2020 decision of U.S. Customs and Border Protection ("CBP") and its March 18, 2021 Administrative Review determination. *See* 19 U.S.C. §1517(g).

2. The United States Court of International Trade has exclusive

jurisdiction over this action under 28 U.S.C. §1581(c) as this action is commenced pursuant to 19 U.S.C. § 1517.

## STANDING

3. Plaintiff Global Aluminum Distributor LLC ("Global") is a corporation organized under the laws of Florida. Global imported and sold certain Aluminum Extrusions produced in the Dominican Republic subject to CBP's evasion investigation and is an interested party pursuant to 19 U.S.C. § 1517(a)(6) and 28 U.S.C. § 2631(k)(1).

4. Following CBP's determination of evasion, Plaintiff is subject to antidumping and countervailing duties and is therefore adversely affected or aggrieved by agency action within the meaning of section 702 of the Administrative Procedures Act, as amended, 5 U.S.C. § 702, and is entitled to commence this action pursuant to 28 U.S.C. § 2631(i).

## TIMELINESS OF THIS ACTION

5. CBP's Office of Trade Regulations and Rulings issued its final affirmative determination of evasion on November 2, 2020 and its results of the Administrative Review on March 18, 2021.

6. Plaintiff Global is commencing this action with the concurrent filing of a summons and complaint, within 30 business days after publication of CBP's

administrative review of March 18, 2021 decision and has adhered to all service and notification requirements as set out by the Rules of the U.S. Court of International Trade. *See* Rules 3 and 4 of the Rules of the U.S. Court of International Trade. Accordingly, plaintiff Global has commenced this action within the statutorily prescribed time limits specified in 19 U.S.C. § 1517(g)(1).

## THE ADMINISTRATIVE PROCEEDINGS

7. On July 11, 2019, Ta Chen International Inc. ("Ta Chen") filed an allegation that Global Aluminum was importing certain Aluminum Extrusions that were being transshipped through the Dominican Republic ("DR") in order to avoid paying antidumping and countervailing duties imposed on Aluminum Extrusions from China. By phone call CBP requested that Ta Chen revise deficiencies in the initial allegation. The initial allegation, the follow-up phone call, and any subsequent submissions by Ta Chen that predated what CBP has treated as the allegation, have not been provided in any form to Kingtom Aluminio SRL ("Kingtom") or the importers.

8. On July 31, 2019, prior to initiating an investigation, or even acknowledging receipt of an allegation, CBP conducted a site visit of Kingtom's facility. CBP has never provided a full and complete copy of this site visit, but rather has selectively cited portions of the visit.

9.     On August 22, 2019, Ta Chen filed a supplemental allegation that the importers evaded the AD/CVD Orders on Aluminum Extrusions from the People's Republic of China by importing aluminum extrusions from Kingtom in the Dominican Republic.

10.    CBP acknowledged receipt of Ta Chen's supplemental allegations on October 9, 2019.

11.    On October 31, 2019, CBP initiated Consolidated Case No. 7348 with regard to multiple importers including Global Aluminum.

12.    On February 19, 2020 CBP sent a request for information to Kingtom and to the importers that were a party of the investigation.

13.    Kingtom submitted its RFI response on March 13, 2020 and in this response Kingtom explained the production capacity of its equipment, provided daily extrusion production records for its extrusion machines, and listed all of its suppliers of aluminum raw materials and the materials they supplied. Kingtom also documented its production process from order acknowledgement through shipment.

14.    Global Aluminum timely submitted its RFI response and in this response provided all of the information in its possession with respect to its business relations with Kingtom including details as to visits made by Global Aluminum to Kingtom and detailed information regarding Kingtom's production capacity

Case 1:21-cv-00198-N/A    Document 2    Filed 04/28/21    Page 5 of 18

Complaint
*Global Aluminum Distributor LLC v. United States*
Ct. No. 21-00198
April 28, 2021
Page 5

information.

15. The other importers submitted their responses to CBP's RFI's providing substantial information about their relationships with Kingtom.

16. On May 22, 2020, Global made a voluntary submission factual information establishing that there is no evidence to support Ta Chen International's allegation of trans-shipment.

17. On June 3, 2020, CBP issued a supplemental RFI to Kingtom, to which it timely responded on June 17, 2020. In its supplemental RFI response, Kingtom reported its theoretical production volumes based on the daily production records reported in its RFI response. Kingtom also reported its monthly export and local sales information, and further described its production process.

18. On June 19, 2020 CBP issued a supplemental RFI to Global Aluminum to which it timely responded. In its supplemental RFI response, Global Aluminum reported Kingtom's theoretical production volumes based on the daily production records reported in its RFI response. Global Aluminum also reported Kingtom's monthly export and local sales information, and further described Kingtom's production process. Global Aluminum provided further details about its purchases of aluminum extrusions from Kingtom.

19. On September 30, 2020 Global Aluminum, in conjunction with the

other importers, submitted legal argument to CBP.

20. On September 30, 2020 Kingtom submitted legal argument to CBP. CBP refused to consider such argument and returned such argument to Kingtom.

21. On July 16, 2020 Global Aluminum filed a request with CBP that EAPA Case Number 7348 be consolidated with EAPA Case Number 7423. Global Aluminum was named as a respondent in both of these investigations. This request detailed how these cases substantially overlapped and how the two concurrent investigations placed Global Aluminum in the situation where it was being forced to respond to the same allegations in two matters on essentially identical facts and claims.

22. CBP rejected the request for consolidation, but engaged in a *de facto* consolidation for its own benefit, by placing the record of 7348 on the record of 7423.

23. On November 2, 2020, CBP issued its initial determination of evasion, finding that Kingtom was able to produce aluminum extrusions in the Dominican Republic, but that Kingtom's failure to submit accurate information and cooperate to the best of its ability meant that CBP was unable to determine that Kingtom actually produced all of the aluminum extrusions it sold. CBP therefore inferred that all merchandise imported to the United States by the Importers contained co-mingled Chinese and Dominican Republic origin aluminum extrusions.

24. On December 16, 2020 the importers submitted a Request for a *de*

*novo* Administrative Review of the November 2, 2020 CBP determination

25. On December 16, 2020 the foreign manufacturer, Kingtom, submitted a request for a *de novo* Administrative Review of the November 2, 2020 CBP determination.

26. On December 17, 2020 CBP rejected and refused to consider Kingtom's request for an Administrative Review.

27. On March 18, 2021 CBP issued its determination in the *de novo* administrative review finding that "when looking at the totality of the circumstances regarding evidence of Kingtom's actual production levels coupled with Kingtom's affiliations with China, a finding of evasion due to the commingling of Chinese-origin aluminum extrusions with Dominican Republic-origin aluminum extrusions is supported by substantial evidence in the record. There is more than a "mere scintilla" of evidence to support this finding of evasion."  In making this determination, CBP expressly stated that it would not address the remaining arguments made by the importers.

## STANDARD OF REVIEW

28. The standard of review of an initial determination under 19 U.S.C. 1517(c) or an administrative review of such determination under 19 U.S.C. 1517(f) is set forth in 19 U.S.C. 1517(g)(2) as follows:

> In determining whether a determination under subsection (c) or review under subsection (f) is conducted in accordance with those subsections, the United States Court of International Trade shall examine—
>
> (A) whether the Commissioner fully complied with all procedures under subsections (c) and (f); and
>
> (B) whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## CLAIMS

### COUNT ONE

29. The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

30. The EAPA statute and implementing regulations do not provide the affected parties the right to fully and actively participate in the proceedings and are unconstitutional and violate the 5th Amendment Due Process Clause.

### COUNT TWO

31. The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

32. An importer participating in an administrative review has a due process right to "notice and a meaningful opportunity to be heard." *PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 761-62 (Fed. Cir. 2012)(quoting *LaChance v. Erickson*, 522 U.S. 262, 266 (1998)); *see also* U.S. Const. art. 5.

33. CBP states that the regulations it promulgated to govern investigations of evasion claims seek "to make the proceedings under the EAPA as transparent as possible and to provide for full participation and engagement by all parties involved in an EAPA proceeding." *Investigation of Claims of Evasion of Antidumping and Countervailing Duties*, 81 Fed. Reg. 56,477, 56,479 (Dep't Homeland Sec. August 22, 2016).

34. The adverse inferences provision, as applied by CBP, deprives the investigated party of notice as to what information is missing and does not provide an opportunity to redress the missing information before a final determination is reached, violating the party's right to a meaningful and fair proceeding.

35. In its regulations governing how evasion claims will be investigated, CBP only considers the party filing the allegation and the accused importer to be parties to the evasion investigation. 19 C.F.R. § 165.1. CBP's regulations foreclose other interested parties from fully participating in the proceedings and unlawfully narrow the scope of participation provided for under EAPA for "interested parties," as defined by 19 U.S.C. § 1517(a)(6).

36. The statute does not preclude CBP from accepting Kingtom's voluntary submissions, but rather CBP claims to have discretion as to whether to accept such submissions. Because CBP denied Kingtom an adequate opportunity to participate, it also denied

Case 1:21-cv-00198-N/A   Document 2   Filed 04/28/21   Page 10 of 18

Complaint
*Global Aluminum Distributor LLC v. United States*
Ct. No. 21-00198
April 28, 2021
Page 10

Global Aluminum's rights to have all necessary information of record.

37. CBP's failure to allow Kingtom to participate deprives plaintiff of the contribution of the party in possession of the information in the proceeding.

38. CBP's decision to not allow Kingtom to participate and submit information and argument is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 19 U.S.C. §1517(g)(2)(B) and 5 U.S.C. § 706.

## COUNT THREE

39. The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

40. At every stage of the evasion investigation, CBP refers to and relies upon information submitted by alleger and information gathered by CBP in the course of its investigation. CBP relied upon such information to support its finding of transshipment. Despite relying on such information, CBP never provided unredacted copies of such information to Global Aluminum.

41. CBP's administration of the investigatory and administrative proceedings, including its decisions not to release evidence necessary for Global Aluminum to raise its defenses and to heavily redact administrative record submissions is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

Complaint
Global Aluminum Distributor LLC v. United States
Ct. No. 21-00198
April 28, 2021
Page 11

Case 1:21-cv-00198-N/A   Document 2   Filed 04/28/21   Page 11 of 18

## COUNT FOUR

42. The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

43. A determination as to whether covered merchandise was entered through evasion must be based on substantial evidence. 19 U.S.C. § 1517(c)(1)(A); 19 C.F.R. § 165.27(a).

44. The *March 18, 2021 Decision* that "when looking at the totality of the circumstances regarding evidence of Kingtom's actual production levels coupled with Kingtom's affiliations with China, a finding of evasion due to the commingling of Chinese-origin aluminum extrusions with Dominican Republic-origin aluminum extrusions is supported by substantial evidence in the record." is based on an explanation that runs contrary to record evidence before the agency and is arbitrary and capricious, and is in violation of 19 U.S.C. § 1517(g)(2)(A) and 5U.S.C. § 706.

## COUNT FIVE

45. The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

46. CBP failed to follow its regulations in the conduct of this investigation including failing to place certain documents on the record, assisting alleger in refining their allegation without placing anything on the record, and conducting a site visit of

Kingtom prior to initiating the EAPA investigation. Such site visit was without statutory authority.

47. An investigation conducted without due regard for the regulations is unlawful and cannot be allowed to stand.

## COUNT SIX

48. The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

49. CBP expressly stated that it would not consider certain arguments presented by the importers in the Administrative Review process, and to the extent that it did consider such issues, it barely addressed such issues.

50. CBP gave undue weight to evidence submitted by alleger and did not give proper weight to evidence provided by importers.

51. The failure to consider certain arguments presented by importers and the failure to give proper weight to the evidence submitted by all parties impermissibly tainted the results of the investigation and rendered the underlying determinations invalid.

## COUNT SEVEN

52. The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

53. The Eighth Amendment of the U.S. Constitution provides that "Excessive bail shall

Case 1:21-cv-00198-N/A   Document 2   Filed 04/28/21   Page 13 of 18

Complaint
*Global Aluminum Distributor LLC v. United States*
Ct. No. 21-00198
April 28, 2021
Page 13

not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted" If the extraction or assessment is a fine, it must not be excessive.

54. Antidumping and Countervailing Duties based on adverse inferences constitute a fine. The Supreme Court stated: "{w}e think it significant that, at the time of the drafting and ratification of the Amendment, the word "fine" was understood to mean a payment to a sovereign as punishment for some offense. *BFI, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257 (1989).

55. A fine is an exaction which is at least partially penal in nature. The Supreme Court stated:

> ""[A] civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term." In light of the historical understanding of forfeiture as punishment, the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner, and the evidence that Congress understood those provisions as serving to deter and to punish, we cannot conclude that forfeiture under §§ 881(a)(4) and (a)(7) serves solely a remedial purpose. We therefore conclude that forfeiture under these provisions constitutes "payment to a sovereign as punishment for some offense," and, as such, is subject to the limitations of the Eighth Amendment's Excessive Fines Clause.
> *Austin v. United States* 509 U.S. 602 (1993)

56. The duties imposed on the importers as a result of an affirmative finding under the EAPA statute are subject to the China-Wide rate. The China-Wide rate is a rate based on Adverse Facts and are intended to deter non-compliance with the

Complaint
*Global Aluminum Distributor LLC v. United States*
Ct. No. 21-00198
April 28, 2021
Page 14

Case 1:21-cv-00198-N/A    Document 2    Filed 04/28/21    Page 14 of 18

antidumping duty laws. Such duties constitute a fine for purposes of the 8th Amendment.

57. The amount of any fine that falls under the 8th Amendment must be reasonably related to the conduct of the importer.

58. There is no showing of any bad conduct on the part of the importers which would justify a fine on the importer.

59. As the resultant fine is in violation of the 8th Amendment of the U.S. Constitution, the underlying EAPA proceeding is also unconstitutional.

## COUNT EIGHT

60. The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

61. Congress authorized CBP to initiate an investigation under EAPA only if CBP determines that information "reasonably suggests that covered merchandise has been entered into the Customs Territory of the United States through evasion." A review of the full allegations, both public and confidential, demonstrate that CBP had no basis to initiate this investigation, that the evasion determination resulting from an improperly initiated investigation should be vacated, and the investigation should be terminated *ab initio*.

62. CBP's initiation determination was thus unsupported by reasonable evidence and was

Case 1:21-cv-00198-N/A   Document 2   Filed 04/28/21   Page 15 of 18

Complaint
*Global Aluminum Distributor LLC v. United States*
Ct. No. 21-00198
April 28, 2021
Page 15

otherwise not in accordance with law.

## COUNT NINE

63. The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

64. A party cannot be subject to two proceedings under the same statute for the same conduct and the same entries. Such action violates long-standing principles of fundamental fairness.

65. Global Aluminum was named by CBP in both this investigation (7348) and a subsequent investigation (7423). Both investigations involved the purported evasion of the antidumping and countervailing duties on Aluminum Extrusions by means of purported transshipment through the Dominican Republic. Both investigations involved Global Aluminum's importations from Kingtom. Both investigations related to substantially the same entries.

66. Global Aluminum was forced to participate in two proceedings and bear the substantial expense of fighting the an identical issue twice.

67. Global Aluminum requested that CBP consolidate the two investigations pursuant to the statute and CBP's policies with respect to consolidation.

68. CPB refused to consolidate these two investigations, but rather placed the information from 7348 or the record of 7423.

Complaint
*Global Aluminum Distributor LLC v. United States*
Ct. No. 21-00198
April 28, 2021
Page 16

Case 1:21-cv-00198-N/A   Document 2   Filed 04/28/21   Page 16 of 18

69. CPB's refusal to consolidate these two investigations was an abuse of discretion and violated Global Aluminum's fundamental rights to due process.

70. To the extent that CBP makes a negative determination in this investigation, such determination must be controlling with respect to Global Aluminum on investigation 7423.

## COUNT NINE

71. The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

72. The position of the United States and U.S. Customs and Border Protection was not substantially justified at the Administrative Level and there are no special circumstances which would make an award of fees unjust.

73. 5 U.S. Code § 504 provides for the awarding of fees in connection with Administrative Proceedings.

74. Global Aluminum should have prevailed in a proper administrative proceeding and otherwise qualifies for an award of fees.

75. This Court, upon finding that CBP's determination is in error, should order fees in connection with the underlying administrative action.

Complaint
Global Aluminum Distributor LLC v. United States
Ct. No. 21-00198
April 28, 2021
Page 17

Case 1:21-cv-00198-N/A   Document 2   Filed 04/28/21   Page 17 of 18

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment as follows:

1. Sustaining counts one through ten of plaintiff's complaint;

2. Remanding this matter to U.S. Customs and Border Protection with instructions that CBP terminate this investigation and order the liquidation of entries without the addition of Antidumping and Countervailing Duties;

3. Remanding this matter to U.S. Customs and Border Protection with instructions that CBP terminate investigation 7423 with respect to Global Aluminum and order the liquidation of entries without the addition of Antidumping and Countervailing Duties;

4. Find that the position of the United States and U.S. Customs and Border Protection was not substantially justified and that special circumstances do not exist which would make an award unjust;

5. Awarding attorney's fees and costs as appropriate; and

Complaint
*Global Aluminum Distributor LLC v. United States*
Ct. No. 21-00198
April 28, 2021
Page 18

Case 1:21-cv-00198-N/A   Document 2   Filed 04/28/21   Page 18 of 18

6. Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

David J. Craven
Craven Trade Law LLC
3744 N Ashland Avenue
Chicago, IL 60613

(773) 709-8506
Counsel for Global Aluminum
Distributor LLC

By: /s/David J. Craven
    David J. Craven

Dated: April 28, 2021