**Before Hon. Richard K. Eaton**

**UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK**

| | |
|---|---|
| Global Aluminum Distributor LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>United States and U.S. Customs and Border Protection,<br><br>　　　　　Defendants,<br>　and<br><br>Ta Chen International, Inc.,<br><br>　　　　　Defendant-Intervenor. | Court No. 21-00198 |

**JOINT CONSENT MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Rules 7, 56.2(a) and 65(a) of the United States Court of International Trade, plaintiff Global Aluminum Distributor LLC ("Plaintiff" or "Global") by and through its attorneys, Craven Trade Law LLC, and Hialeah Aluminum Supply, Inc. ("Consolidated Plaintiff" or "Hialeah") by and through its attorneys Fox Rothschild (jointly "Movants"), respectfully moves for a preliminary

injunction restraining the United States ("Defendant"), together with its delegates, officers, agents, and servants, including employees of United States Customs and Border Protection ("CBP"), from issuing instructions to liquidate or from causing or permitting liquidation of any and all unliquidated entries of Aluminum Extrusions from the People's Republic of China that:

- were subject to CBP's Enforce and Protect Act investigation in case number 7348 and subsequent *de novo* administrative review. *See Admin. Review Determination in EAPA Case No. 7348*, CBP Office of Trade Regulations and Rulings (March 18, 2021)("EAPA 7348 Determination");
- imported by Global Aluminum Distributor, LLC or Hialeah Aluminum Supply, Inc;
- were entered, or withdrawn from warehouse, for consumption on or after October 9, 2018, up to and including the date of a final and conclusive court decision, including all appeals and remand proceedings, is issued in this litigation; and
- remain unliquidated as of 5:00 p.m. on the day that the Court enters the order enjoining liquidation on the docket of this action.

This Court has the authority to issue the requested preliminary injunction under 28 U.S.C. § 1585. This motion is timely, per USCIT Rule 56.2(a), because it is being filed within 30 days of service of the complaint. Movants' motion also satisfies the Court's consent requirements, see USCIT Rule 7(b), (f); as outlined in greater detail in Section II of this motion.

For the reasons provided below, the Court should enjoin liquidation of Movants' entries because (1) Movants will suffer irreparable and immediate injury without an injunction; (2) Movants will likely prevail on the merits; (3) the public

interest will be best served by granting the injunction; and (4) the balance of hardships favors Movants. *See Matsushita Elec. Indus. Co. v. United States*, 823 F.2d 505, 509 (Fed. Cir. 1987) (citing *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983)). Movants requests that this injunction remains in effect pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings.

## PROCEDURAL BACKGROUND

This action is an appeal from CBP's final affirmative determination of evasion of the antidumping duty order A-570-967 and countervailing duty order C-570-968 covering certain aluminum extrusions from the People's Republic of China, and conducted pursuant to section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA"). The underlying CBP investigation is identified by "EAPA Case No. 7348."

Movants, as importers of merchandise subject to CBP's evasion investigation and interested parties within the meaning of 19 U.S.C. § 1517(a)(6) and 28 U.S.C. § 2631(k)(1), has standing to bring this action. On April 28, 2021, Movants timely filed its Summons and Complaint challenging CBP's *EAPA 7348 Determination. See* 19 U.S.C. § 1517(g) (providing parties 30 business days to seek judicial review)

# DISCUSSION

## I. LEGAL STANDARD

This Court will grant a motion for a preliminary injunction upon a showing that (1) without the requested relief, the movant will be irreparably and immediately injured; (2) the movant is likely to succeed on the merits; (3) granting the movant's requested injunction will be in the public interest; and (4) the balance of hardships favors the movant. *See U.S. Ass'n of Imps of Textiles & Apparel* v. *United States,* 413 F.3d 1344, 1346 (Fed. Cir. 2005); *Zenith,* 710 F.2d at 809. Movants satisfy each prong of the preliminary injunction inquiry.

### 1. MOVANTS WILL BE IRREPARABLY AND IMMEDIATELY INJURED IF AN INJUNCTION IS NOT GRANTED

Without a preliminary injunction, some or all of Movants' entries may be liquidated at an incorrect antidumping duty rate, thereby mooting the present action and depriving Movants of their right to meaningful judicial review.

The U.S. Court of Appeals for the Federal Circuit has held that eliminating the only remedy available to contest an agency action constitutes irreparable and immediate harm for purposes of a preliminary injunction. *See Zenith,* 710 F.2d at 810; *Qingdao,* 581 F.3d at 1378. As this Court explained, the act of liquidation constitutes irreparable and immediate harm to the importer, *see e.g., Carpenter Tech. Corp. v. United States,* 31 CIT 1, 8, 469 F. Supp. 2d 1313, 1320 (2007), because the very act "extinguishes the underlying res and the accompanying cause of action

[and] strip[s] [this] Court of the ability to provide a remedy to an importer." *Laclede Steel Co. v. United States,* 20 CIT 712, 717, 928 F. Supp. 1182, 1188 (1996). In fact, this Court consistently grants motions for preliminary injunctions in proceedings like or similar to the one at bar. *See, e.g., Endura Prods., Inc. v. United States*, Ct. No. 19-00190, Oct. 17, 2019, ECF No. 10 (USCIT filed Oct. 7, 2019); *NMB Singapore Ltd. v. United States,* 24 CIT 1239, 1243-44, 120 F. Supp. 2d 1135, 1139-40 (2000) (citation omitted). Without the court's intervention, this action may be disposed of simply by the act of liquidation. As a result, Movants would be deprived of their statutory right to judicial review and any available judicial remedies would be nullified. Movants have, therefore, satisfied the requirements of the irreparable harm prong.

### 2. MOVANTS ARE LIKELY TO SUCCEED ON THE MERITS

Movants are likely to succeed on the merits of its case-in-chief. This Court has recognized that a showing of irreparable harm lowers the movant's burden in demonstrating its success on the merits and considers the burden met if the movant raises "questions which are 'serious, substantial, difficult and doubtful.'" *Timken Co. v. United States,* 6 CIT 76, 81, 569 F. Supp. 65, 70-71 (1983). Movants Complaints raise substantial, difficult, and serious questions of law with respect to CBP's administration of the review proceedings and investigation, decision to

5

limit the parties to the investigation, and application of adverse inferences without providing Movants a meaningful opportunity to respond. Movants also raise a procedural due process claim based on CBP's decision to withhold pertinent and material evidence from Movants, thereby depriving of them of a fair and meaningful hearing. Finally, Movants' complaints raise various instances where CBP acted in an arbitrary and capricious manner and abused its discretion. Movants' USCIT R. 56.2 briefing will address and further support each of the grounds raised in the Complaints. Movants have, therefore, satisfied the requirements of the success on the merits prong.

### 3. GRANTING MOVANTS' REQUESTED INJUNCTION WILL BE IN THE PUBLIC INTEREST

Case law firmly establishes that ensuring accurate assessment of antidumping duties and effective enforcement of trade laws is in the public interest. *See, e.g.*, *PPG Industries, Inc.* v. *United States,* 11 CIT 5, 10 (1987); *Smith-Corona Grp. Consumer Prods. Div.* v. *United States,* 1 CIT 89, 98, 507 F. Supp. 1015, 1023 (1980), *aff'd,* 713 F.2d 1568 (Fed. Cir. 1983). This Court also recognizes that granting preliminary injunctions serves the annunciated public interest by "maintain[ing] the status quo of the unliquidated entries until a final resolution [on] the merits [is issued]." *SKF U.S.A. Inc. v. United States,* 28 CIT 170, 176, 316 F. Supp. 2d 1322, 1329 (2004). Accurate assessment of antidumping duties and fair enforcement of existing antidumping and countervailing duty laws is indeed a primary tenant of

the EAPA law. *See* 19 U.S.C. § 1517. Here, the public interest is best served by granting the preliminary injunction to ensure that antidumping duties assessed on Movants' entries are accurate. Movants have, therefore, satisfied the requirements of in the public interest prong.

4. **THE BALANCE OF HARDSHIPS FAVORS THE MOVANTS**

The balance of hardships in the present action favors granting Movants' motion for a preliminary injunction. The hardship inquiry requires the court to determine which party will be most adversely affected by its decision to grant or deny a preliminary injunction motion. *See Ugine-Savoie Imphy* v. *United States,* 24 CIT 1246, 1250, 121 F. Supp. 2d 684, 688-89 (2000); *see also Kwo Lee, Inc.* v. *United States,* 38 CIT , 24 F. Supp. 3d 1322, 1331-32 (2014); *Canadian Wheat Bd. v. United States,* 31 CIT 650, 663, 491 F. Supp. 2d 1234, 1247 (2007). Without the issuance of a preliminary injunction, Movants will be deprived of their right to meaningful judicial review and this Court will be stripped of its jurisdiction over the present action. By contrast, a delay in liquidation will, at most, constitute an "inconvenience" to Defendant, *see Timken,* 6 CIT at 81, 569 F. Supp. at 70-71, as the Government has already collected cash deposits and increased Movants' continuous bond. Therefore, because Movants will be irreparably and immediately harmed should the court deny its motion, the balance of hardships clearly tips in

Movants' favor. Movants have, therefore, satisfied the balance of the hardships prong.

## II.   STATEMENT OF CONSENT

Counsels for Movants has complied with the Court's USCIT Rule 7(b) and (f) consent requirement as follows:

On May 18, 2021, counsel for Plaintiff contacted via email counsel for Defendant, Alexander Vanderweide, Esq. of the U.S. Department of Justice, and counsel for Defendant-Intervenor Jeremy W. Dutra. On May 20, 2021 Mr. Vanderweide indicated via email that Defendant consented to the relief requested. On May 20, 2021 Mr. Dutra indicated via e-mail that Defendant-Intervenor takes no position on this motion.

## III. REQUEST FOR RELIEF

For the reasons provided above, Movants respectfully request the court grant this Joint consent motion for a preliminary injunction enjoining liquidation of the relevant entries pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings.

Respectfully submitted,

/s/ David J. Craven
David Craven

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 709-8506

*Counsel to Global Aluminum Distributor LLC*

/s/ Lizbeth R. Levinson

Lizbeth R. Levinson
Ronald M. Wisla
Brittney R. Powell
Fox Rothschild LLP
1030 15th Street, NW Suite 380 East
Washington, DC 20005
llevinson@foxrothschild.com

Date: May 23, 2021