# UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: The Honorable Judge Richard K. Eaton**

| | |
|---|---|
| **GLOBAL ALUMINUM DISTRIBUTOR LLC,**<br><br>    **and**<br><br>**HIALEAH ALUMINUM SUPPLY, INC.,**<br><br>           **Plaintiffs,**<br><br>    **v.**<br><br>**UNITED STATES,**<br><br>         **Defendant,**<br><br>    **and**<br><br>**TA CHEN INTERNATIONAL, INC.,**<br><br>         **Defendant-Intervenor.** | **Consolidated Court No. 21-198** |

## <u>ORDER</u>

Upon consideration of the partial consent motion of Intervenor-Applicant Kingtom Aluminio SRL to intervene, and other pertinent papers and proceedings, it is hereby

ORDERED that the Intervenor-Applicant's motion is DENIED.

_____
Richard K. Eaton, Judge
U.S. Court of International Trade

Dated: _____ , 2021
      New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: The Honorable Judge Richard K. Eaton**

| | |
|---|---|
| **GLOBAL ALUMINUM DISTRIBUTOR LLC,**<br><br>    **and**<br><br>**HIALEAH ALUMINUM SUPPLY, INC.,**<br><br>            **Plaintiffs,**<br><br>    **v.**<br><br>**UNITED STATES,**<br><br>        **Defendant,**<br><br>    **and**<br><br>**TA CHEN INTERNATIONAL, INC.,**<br><br>        **Defendant-Intervenor.** | **Consolidated Court No. 21-198** |

## RESPONSE TO PARTIAL CONSENT MOTION TO INTERVENE

       Defendant-Intervenor Ta Chen International, Inc. does not consent to Kingtom Aluminio SRL's intervention in this action, and outlines the reasons for that position.

       Kingtom does not possess the right to intervene. This action arises from Plaintiffs' challenge to U.S. Customs & Border Protection's determination that *Plaintiffs* entered covered merchandise into the customs territory of the United States through evasion.  Although Kingtom produced the covered merchandise, under U.S. law, *Plaintiffs'* actions are at issue.

       Kingtom asserts that disposition of the action affects its past and prospective sales to Plaintiffs, including its ability to export or sell extrusions to Plaintiffs without the AD/CVD and China 301 duties.  This speculation does not satisfy the Rule 24(a) requirements.  Kingtom

acknowledges that the Plaintiffs are responsible for duty payments, not Kingtom.  As such, even

if Kingtom, as the manufacturer, has some interest in the specific imports investigated, it has no

protectable interest in those imports under Rule 24(a) because it is Plaintiffs, not Kingtom, who

are responsible for the additional duty payments.  Kingtom has not demonstrated that Plaintiffs—

as Kingtom's customers—fail to adequately represent the asserted interest.

Kingtom's complaint that CBP has not allowed Kingtom to submit information in other

EAPA investigations is misleading.  CBP regulations permit CBP to obtain information from

investigated importers and foreign producers or exporters through questionnaires.  19 CFR

165.23(a).  CBP did so here as Kingtom acknowledges.  CBP regulations further permit any

*party* to the investigation to submit additional information to support or negate an evasion

allegation.  19 CFR 165.23(b).  While Kingtom submitted information in response to

questionnaires, CBP did not permit it to submit unsolicited information because Kingtom was

not a party to the challenged EAPA proceeding.  Kingtom acknowledges cooperation between it

and the investigated importers.  Even assuming CBP is placing Kingtom's records from this

investigation into the record of other investigations, Kingtom fails to demonstrate that it was

prohibited from submitting factual evidence in this investigation or through its customers in

other proceedings.  Indeed, given the acknowledged cooperation between Kingtom and Plaintiffs

here, it seems implausible that Kingtom did not contribute both to the arguments and additional

information Plaintiffs submitted.  Kingtom's argument does not justify mandatory intervention.

Kingtom contends that Plaintiffs cannot adequately represent Kingtom's business

interests because Plaintiffs do not have first-hand knowledge of Kingtom's business practices

and recordkeeping.  Even if true—that seems doubtful given the arguments Plaintiffs made

during the underlying investigation—Kingtom misunderstands the nature of this action.  The

record of this proceeding is the administrative record developed during the underlying investigation.  Neither Kingtom nor any other party may supplement that record with new information.  Kingtom further concedes that Plaintiffs had access to Kingtom's records during the underlying investigation, and the administrative record will show that Plaintiffs' counsel submitted extensive arguments based on Kingtom's records.  In short, Plaintiffs adequately represent any interest Kingtom asserts in this action.

Kingtom's alternative argument for permissive intervention also fails.  Kingtom argues that it has a claim that shares with the main action a common question of law or fact.  But Kingtom does not assert any claim or defense similar to that asserted by Plaintiffs in the action because Kingtom is not a party to the underlying EAPA investigation, and, to Ta Chen's knowledge, is not a party to any other EAPA investigation.  Kingtom's assertion that it intends to litigate the same issues Plaintiffs raise underscores why the Court should deny permissive intervention.  This consolidated action already will include briefing from the United States, the two Plaintiffs, and Ta Chen.  Adding additional briefing from Kingtom that argues the same issues Plaintiffs already will raise (and seeks the same relief) will result in duplicative briefing and place an unnecessary burden on both the United States and Ta Chen.

For the foregoing reasons, Ta Chen does not consent to Kingtom's intervention.

Dated: June 16, 2021

Respectfully submitted,

/s/ Jeremy W. Dutra
Jeremy W. Dutra
**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
(202) 626-6600
jeremy.dutra@squirepb.com