**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HONORABLE JUDGE RICHARD K. EATON, SENIOR JUDGE**

| | |
|---|---|
| GLOBAL ALUMINUM DISTRIBUTOR LLC,<br><br>   and<br><br>HIALEAH ALUMINUM SUPPLY, INC.,<br><br>      Plaintiffs,<br><br>     v.<br><br>UNITED STATES,<br><br>      Defendant,<br><br>   and<br><br>TA CHEN INTERNATIONAL, INC.,<br><br>      Defendant-Intervenor. | Consol. Court No. 21-00198 |

### <u>REQUEST FOR RECONSIDERATION OF MOTION TO INTERVENE</u>

1.      Kingtom Aluminio S.R.L. ("Kingtom") respectfully requests, pursuant to Rule 54(b) of the Rules of the U.S. Court of International Trade ("USCIT"), that the Court reconsider its June 21, 2021 order denying Kingtom's motion to intervene pursuant to Rule 24(a)(2) and Rule 24(b)(1). As support, Kingtom submits that: (1) the Court did not fully consider facts that demonstrate that Kingtom has an interest related to the property or transactions that are the subject of this action, and (2) the Court did not fully consider facts that demonstrate that Kingtom has a claim or defense that shares a question of law or fact with the main action. Kingtom therefore respectfully requests that the Court reconsider and amend its order and grant Kingtom Plaintiff-Intervenor status in this action.

14382557–1

## I. **Legal Standard**

2.      This Court's Rules provide for intervention as of right or, alternatively, for permissive intervention.  USCIT Rule No. 24(a)(2) provides that intervention of right must be granted to a person who claims an interest relating to the property or transaction that is the subject of the motion, and who is so situated that the disposition of the action may impair or impede its ability to protect its interest, unless the existing parties adequately represent that interest.  Alternatively, USCIT Rule No. 24(b)(1) provides for permissive intervention to any person who is either (A) been given a conditional right to intervene by federal statute, or (B) has a claim or defense that shares with the main action a common question of law or fact.  Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court has a conditional right to intervene.  28 U.S.C. § 2631(j).  When reviewing a conditional right to intervene, the Court will consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.  28 U.S.C. § 2631(j)(2).

3.      In turn, the Court considers requests for reconsideration of interlocutory judgments pursuant to USCIT Rule No. 54(b), which permits the Court to revise such judgments at any time before the entry of a final judgment.  In deciding to grant a request for reconsideration of an interlocutory judgment, the Court considers whether there is an intervening change in the controlling law, the availability of new evidence, the need to correct a clear legal or factual error, or the need to prevent to prevent manifest injustice.  *See Ford Motor Co. v. United States*, 30 C.I.T. 1587, 1588 (2006) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  As outlined below, Kingtom respectfully submits that the Court failed to consider important facts that demonstrate that intervention is warranted, and that the failure to consider those facts will lead to manifest injustice to Kingtom.

## II.  Procedural History

4.      In its May 26, 2021 motion to intervene, ECF No. 20, Kingtom explained that it is the producer, seller, and exporter of the merchandise subject to this action, and therefore necessarily claims an interest in the properties and transactions that are the subject of this action. This interest is applicable to products that Kingtom sold to the Plaintiffs and to products that Kingtom is no longer able to sell to Plaintiffs.

5.      Prior to filing its motion to intervene, counsel for Kingtom conferred with counsel for the other parties to obtain their consent for Kingtom's intervention as per USCIT R. 7(b). *See* ECF No. 20 at ¶ 18.  On May 20, 2021, counsel to Plaintiff Global and counsel to Plaintiff Hialeah, consented to the motion.  On May 21, 2021, counsel to Defendant-Intervenor indicated that Defendant-Intervenor did not consent to the motion.  On May 26, 2021, counsel to Defendant indicated that the United States defers to the discretion of the Court.  Thus, in conferring with the other parties to this action, no party objected to Kingtom's intervention. Counsel for Kingtom then filed its partial consent motion on May 26, 2021, indicating the responses of the parties.  *See id.*

6.      On June 16, 2021, 21 days after Kingtom filed its partial consent motion to intervene, Defendant-Intervenor explained why it did not consent to Kingtom's motion.  *See* ECF No. 31.  Specifically, Defendant-Intervenor contended that (1) Plaintiffs are responsible for the duty payments, (2) Kingtom was not entitled to submit factual information other than when requested by CBP, (3) Plaintiffs can adequately represent Kingtom's interest in this action, (4) Kingtom does not share a claim or defense that shares with the main action a common question of law or fact because Kingtom was not a party to the underlying Enforce and Protect Act ("EAPA") investigation and is therefore not able to assert the same claim expressly granted Plaintiffs by the statute, and (5) additional briefing by Kingtom would place an unnecessary

burden on the Defendant and the Defendant-Intervenor.  *See id.* at 2-4.  Notably, although Defendant-Intervenor did not object to Kingtom's motion to intervene or move that the Court adopt any order, Defendant-Intervenor included a proposed denial order and stated that the Court should deny permissive intervention.  *See id.* at 1, 4.

7.     On June 21, 2021 order, the Court denied Kingtom's motion to intervene on two grounds.  First, the Court reasoned for the purpose of intervention of right, pursuant to USCIT Rule 24(a)(2), that (1) Kingtom "failed to establish that its business interest in continuing to sell its aluminum extrusions to the plaintiff importers in this case without duties is an 'interest relating to the property or transaction that is the subject of the action.'"  *See* ECF No. 42. Second, the Court iterated for the purpose of permissive intervention, pursuant to USCIT Rule 24(b)(1)(B), that Kingtom lacks a "claim or defense that shares with the main action a common question of law or fact."  *See id.*  Kingtom respectfully submits that this reasoning overlooks key facts that support Kingtom's right to intervene in this action.

**III. The Court Overlooked Key Facts That Support Kingtom's Motion To Intervene**

**A.     *The Court Did Not Consider Each Interest That Kingtom Has In This Action***

8.     The Court should reconsider its denial of Kingtom's motion to intervene to correct clear legal and factual errors and to prevent manifest injustice.  In its denial, the Court reasoned that Kingtom "failed to establish that its business interest in continuing to sell its aluminum extrusions to the plaintiff importers in this case without duties is an 'interest relating to the property or transaction that is the subject of the action.'"  *See* ECF No. 42.  However, Kingtom's interests in the instant action are much broader than merely *continuing* to sell aluminum extrusions to Plaintiffs.  The Final Determination finds that *Kingtom's aluminum extrusions* are Chinese-origin, and that *the investigated transactions* involve *Kingtom selling* Chinese-origin aluminum extrusions to Plaintiffs.  *See* P.R. Doc. 286 at 17.  Kingtom's motion to

4

intervene thus demonstrated that Kingtom's interests in its products and sales transactions are sufficient for its intervention into this action as a matter of right.  However, the direct legal effect of the Final Determination harms Kingtom more profoundly than merely impairing its ability to protect the interests it has in its products and actual sales to Plaintiffs.

9.      Kingtom explained in its motion that it was not permitted to submit any information other than what was specifically requested by U.S. Customs and Border Protection ("CBP"), and was not permitted to rebut any of the allegations presented against it.  Nonetheless, the determinations are premised entirely on the application of adverse inferences due to Kingtom's alleged failure to cooperate with CBP.  A significant question of law and fact in this case is whether the extent of *Kingtom's* cooperation justified the application of adverse inferences.  Thus, since the outcome of this action will adversely affect or aggrieve Kingtom, and due to the fact that it is premised on facts surrounding Kingtom's, not Plaintiff's business and conduct, Kingtom has a clear interest relating to the property or transaction that is the subject of this action.

10.     Furthermore, as CBP indicated, it placed the record of this investigation onto the records of subsequent EAPA investigations, and is relying on the information and findings from this investigation as the primary basis for its findings against Kingtom in other EAPA investigations.  *See* P.R. Doc. 286 at 18.  The judgment in this action will accordingly have direct legal effect on Kingtom such that its ability to protect its interests will be substantially impaired, not only in the instant case, but also in other actions in which CBP is citing the Final Determination as affirmative evidence that Kingtom is commingling Chinese-origin and Dominican-origin aluminum extrusions.  Kingtom's interest in this action is thus factually and legally much broader than *continuing* to sell aluminum extrusions to Plaintiffs.

11.     The Court did not consider numerous other facts that support Kingtom's right to intervene in this action, including:

(1) That Kingtom's production, export, and sales to Plaintiffs of the merchandise that is the subject of the underlying case constitutes an interest in the merchandise, in the transactions, or in the importation of the merchandise, pursuant to USCIT Rule 24(a)(2);

(2) That Kingtom has an interest in the finding that Kingtom did not cooperate to the best of its ability in the underlying case, upon which CBP made the adverse-facts-available finding that all of Kingtom's aluminum extrusions imported in the transactions at issue are commingled Chinese-origin and Dominican-origin aluminum extrusions, pursuant to USCIT Rule 24(a)(2);

(3) That each subsequent EAPA investigation involving Kingtom's aluminum extrusions relies on the adverse-facts-available based finding in the underlying case, regardless of whether Kingtom is itself being investigated or permitted to submit factual information or argument in such investigations, and this gives Kingtom an interest in the disposition of that legal and factual issue in this case, pursuant to USCIT Rule 24(a)(2);

(4) That the disposition of the adverse-facts-available based finding in this action would impair or impede Kingtom's ability to contest the finding in the underlying case, pursuant to USCIT Rule 24(a)(2), in subsequent EAPA investigations;

(5) That Plaintiffs do not adequately represent Kingtom's ability to contest the finding against Kingtom's production, business practices, and record-keeping;

(6) That the Court's disposition of this action would adversely affect or aggrieve Kingtom, pursuant to 28 U.S.C. § 2631(j)(1), such that Kingtom has a conditional right to intervene pursuant to USCIT Rule 24(b)(1)(A); and

(7) That Kingtom's intervention would not unduly delay or prejudice the adjudication of the rights of Plaintiffs and Defendant.

12.     The Court's apparent failure to consider any of the above facts and reasons to grant Kingtom's intervention in its June 21, 2021 order is clear error.  It appears that the Court neither considered whether, pursuant to USCIT Rule 24(b)(1)(A), Kingtom has a conditional right under 28 U.S.C. § 2631(j)(1) to intervene in this action, nor whether such a conditional statutory right should be granted by the statute.  Moreover, in light of the fact that the disposition of this action will adversely affect or aggrieve Kingtom, the Court not considering whether Kingtom accordingly has a conditional right to intervene is manifest injustice.  Furthermore, given that no party affirmatively objected to Kingtom's motion, the Court's cursory denial of Kingtom's motion heightens this injustice and prejudices Kingtom's ability to defend its interests in the future.

13.     Kingtom therefore respectfully requests that the Court reconsider its denial of Kingtom's motion to intervene in light of these facts, and grant Kingtom's motion to intervene either as of right or permissively.

**B.    The Court Did Not Consider The Fact That Kingtom Does Have A Claim Or Defense That Shares A Question Of Law Or Fact With The Main Action**

14.     In its June 21, 2021 order, the Court also stated that Kingtom does not, pursuant to USCIT Rule 24(b)(1)(B), "have a 'claim or defense that shares with the main action a common question of law or fact.'"  *See* ECF No. 42.  However, just because Kingtom does not have the same express cause of action as Plaintiffs under the EAPA statute does not preclude

7

Kingtom from being granted permissive intervention.  Even if it did, the main action does not only concern CBP's finding under the statute and regulations.  It also concerns whether the statute and its implementing regulations are unconstitutional and violate *Kingtom's* right to due process of law as guaranteed by the 5th Amendment of the U.S. Constitution.  *See* ECF No. 30 at ¶¶ 34-39.  This is a common question of law or fact that Kingtom shares with the main action.

15.     First, it is illogical to assume that because Kingtom does not have a statutory cause of action under 19 U.S.C. § 1517(g) that it cannot intervene in this action.  As an initial matter, only persons determined to have entered merchandise through evasion or the interested party that filed the allegation have express causes of action under the EAPA statute.  *See* 19 U.S.C. § 1517(g)(1).  This is reflected in the Court's Rules.  *See* USCIT Rule 24(a)(2). However, the Court's Rules also provide that persons who claim an interest relating to the property or transaction that is the subject of the action, such as Kingtom's interest in its aluminum extrusions and sales to Plaintiffs, can also intervene.  *See id.*  It is therefore clearly not dispositive that such persons must have the independent ability to commence their own 19 U.S.C. § 1517(g) action to intervene by right.

16.     Similarly, it does not follow that a party seeking permissive intervention pursuant to USCIT Rule 24(b)(1)(B) must also have the independent ability to commence their own 19 U.S.C. § 1517(g) action.  Any such party would be entitled to intervention by right pursuant to USCIT Rule 24(a)(2) and would not need to seek permissive intervention.  The logical fallacy is evident in Defendant-Intervenor's strawman:  "Kingtom argues that it has a claim that shares with the main action a common question of law or fact.  But Kingtom does not assert any claim or defense similar to that asserted by Plaintiffs in the action because Kingtom is not a party to the underlying EAPA investigation."  ECF No. 31 at 4.  The only parties to the investigation are

parties that would already be entitled to intervene by right.  Put another way, by that logic, no party could be granted permissive intervention where it is not automatically entitled to intervention by right.  Such reasoning is clear legal error.

17.     Second, as explained in Kingtom's motion to intervene, this action contests the constitutionality of the EAPA statute as well as its implementing regulations, as they violate the 5th Amendment right to due process.  *See* ECF No. 20 at at ¶ 5.  As explained in the amended complaints, *see* ECF No. 30 at ¶¶ 34-39, Kingtom's 5th Amendment rights were violated by CBP, and Kingtom was denied a "right to notice and a meaningful opportunity to be heard." *PSC VSMPO-Avisma Corp.v. United States*, 688 F.3d 751, 761-62 (Fed. Cir. 2012) (quoting *LaChance v. Erickson*, 522 U.S. 262, 266 (1998)); *see also* U.S. Const. art. 5.  The Court's June 21, 2021 order appears to overlook the fact that Kingtom's claim that CBP, the EAPA statute, and the implementing regulations violated its right to due process shares a common question of law or fact with the main action, which involves Plaintiffs' claim that CBP, the EAPA statute, and the implementing regulations violated Plaintiffs and Kingtom's right to due process.  The Court's failure to consider these facts is clear error, and the Court denying Kingtom the right to contest the violation of its constitutional right to due process is manifestly unjust.

## IV. Conclusion And Relief Requested

18.     Based on the foregoing, Kingtom respectfully requests that this Court reconsider and revise its June 21, 2021 order and grant Kingtom's unopposed motion to intervene.  A copy of the proposed order filed alongside Kingtom's unopposed motion is attached for the Court's convenience.

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas, III
Jordan L. Fleischer

**MORRIS MANNING & MARTIN LLP**
1401 Eye Street, NW, Suite 600
Washington, D.C. 20005
(202) 216-4116

</div>

Dated:  June 25, 2021

<div style="margin-left: 50%;">

*Counsel to Proposed Plaintiff-Intervenor*
*Kingtom Aluminio S.R.L.*

</div>

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JUDGE RICHARD K. EATON, SENIOR JUDGE**

| | |
|---|---|
| GLOBAL ALUMINUM DISTRIBUTOR LLC,<br><br>     and<br><br>HIALEAH ALUMINUM SUPPLY, INC.,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES,<br><br>          Defendant,<br><br>     and<br><br>TA CHEN INTERNATIONAL, INC.,<br><br>          Defendant-Intervenor. | Consol. Court No. 21-00198 |

## <u>ORDER</u>

Upon reconsideration of the partial consent motion of Intervenor-Applicant Kingtom

Aluminio S.R.L. ("Kingtom") to intervene, and other papers and proceedings herein, it is hereby:

**ORDERED** that Intervenor-Applicant's motion is granted; and it is further

**ORDERED** that Kingtom be designated as Plaintiff-Intervenor in this action.

**SO ORDERED.**


Date: _____, 2021          _____
         New York, New York                              Honorable Richard K. Eaton,
                                                                    Senior Judge

14382557–1

11