UNITED STATES COURT OF INTERNATIONAL TRADE

Before: The Honorable Judge Richard K. Eaton

| | |
|---|---|
| GLOBAL ALUMINUM DISTRIBUTOR LLC, and HIALEAH ALUMINUM SUPPLY, INC., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>UNITED STATES, <br><br>　　　　　Defendant, <br><br>　and <br><br>TA CHEN INTERNATIONAL, INC., <br><br>　　　　　Defendant-Intervenor. | Consolidated Court No. 21-198 |

## ORDER

Upon consideration of the Request for Reconsideration of Motion to Intervene by Intervenor-Applicant Kingtom Aluminio SRL, and other pertinent papers and proceedings, it is hereby

ORDERED that the Intervenor-Applicant's request for reconsideration is DENIED.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Richard K. Eaton, Judge
　　　　　　　　　　　　　　　　　　U.S. Court of International Trade

Dated: _____, 2021
　　　　New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

Before: The Honorable Judge Richard K. Eaton

| | |
|---|---|
| GLOBAL ALUMINUM DISTRIBUTOR LLC, and HIALEAH ALUMINUM SUPPLY, INC.,         Plaintiffs, v. UNITED STATES,         Defendant, and TA CHEN INTERNATIONAL, INC.,         Defendant-Intervenor. | Consolidated Court No. 21-198 |

**RESPONSE TO REQUEST FOR RECONSIDERATION OF MOTION TO INTERVENE**

      Ta Chen International, Inc. responds to Kingtom Aluminio S.R.L.'s request for the Court to reconsider its June 21, 2021 denial of Kingtom's request to intervene in this action. While reconsideration rests within the sound discretion of the Court, *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990), Kington fails to demonstrate why the Court should exercise such discretion here to reconsider its prior ruling.

      "[A] motion for reconsideration serves as a mechanism to correct a significant flaw in the original judgment by directing the court to review material points of law or fact previously overlooked[.]" *RHI Refractories Liaoning Co. v. United States*, 752 F. Supp. 2d 1377, 1380 (Ct. Int'l Trade 2011) (citations omitted). A court, however, "should not disturb its prior decision

unless it is manifestly erroneous." *Marvin Furniture (Shanghai) Co. v. United States*, 899 F. Supp. 2d 1352, 1353 (Ct. Int'l Trade 2013) (citation omitted).  Such grounds include "an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice." *Ford Motor Co. v. United States*, 30 CIT 1587, 1588 (2006).  Kingtom does not satisfy any of the bases on which to disturb the Court's intervention denial.

Kingtom's reconsideration request instead re-argues the positions argued in its original motion, which the Court already considered and rejected.  Amplification of already presented arguments is an insufficient basis for seeking reconsideration because a motion for reconsideration is not an opportunity for the losing party "to re-litigate the case or present arguments it previously raised." *Totes-Isotoner Corp. v. United States*, 580 F. Supp. 2d 1371, 1374 (Ct. Int'l Trade 2008).

For these reasons, the Court should decline Kingtom's invitation to reconsider the June 21, 2021 Order denying Kingtom's request to intervene in this action.

Dated: July 7, 2021

        Respectfully submitted,

        /s/ Jeremy W. Dutra
        Jeremy W. Dutra
        **SQUIRE PATTON BOGGS (US) LLP**
        2550 M Street, NW
        Washington, DC 20037
        (202) 626-6600
        jeremy.dutra@squirepb.com