UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| GLOBAL ALUMINUM DISTRIBUTOR LLC, | : | |
| Plaintiff, | : | |
| v. | : | Before: Richard K. Eaton, Judge |
| UNITED STATES, | : | Consol. Court No. 21-00198 |
| Defendant, | : | |
| and | : | |
| TA CHEN INTERNATIONAL, INC., | : | |
| Defendant-Intervenor. | : | |

**<u>ORDER</u>**

Before the court is the motion for reconsideration of the court's denial of Kingtom Aluminio S.R.L.'s ("Kingtom") motion to intervene pursuant to Rule 24, ECF No. 44 ("Motion"), and the responses of Defendant-Intervenor Ta-Chen International, Inc., ECF No. 45; Plaintiff Global Aluminum Distributor LLC, ECF No. 46; and Consolidated Plaintiff Hialeah Aluminum Supply, Inc., ECF No. 49. Defendant the United States did not file a response to the motion to reconsider.

In support of its Motion, Kingtom argues that "[t]he court's apparent failure to consider any of the above facts and reasons to grant Kingtom's intervention in its June 21, 2021 order is clear error." Mot. at 7; *see also* Mot. at 9.

Maybe.

The "above facts and reasons" referenced in this sentence are substantially contained in seven numbered subparagraphs found in paragraph 11 of Kingtom's papers. While Kingtom claims that these subparagraphs contain facts and reasons, the court finds them to be generally conclusory.

Thus, in subparagraph one Kingtom states that its "production, export, and sales to Plaintiffs of the merchandise . . . constitutes an interest in the merchandise, in the transactions, or in the importation of the merchandise." Mot. at 6. Kingtom does not explain how the sales of its merchandise to Plaintiffs give Kingtom a continuing interest in any of these matters.

In subparagraph two Kingtom asserts generally that it has an interest in the finding that it did not cooperate to the best of its ability, without specifying what that interest might be.

In subparagraph three Kingtom suggests that it has an interest in subsequent EAPA investigations without stating with clarity or specificity what that interest is.

In subparagraph four Kingtom states that the adverse facts available finding in this case, if sustained, would impair its ability "to contest the finding in the underlying case . . . in subsequent EAPA investigations." Mot. at 6. Kingtom makes this assertion without saying how it would be impaired, or if it is, how it would be injured.

In subparagraph five Kingtom complains "[t]hat Plaintiffs do not adequately represent Kingtom's ability to contest the finding against Kingtom's production, business practices, and record-keeping." Mot. at 6. While this may be true, Kingtom does not explain what it would gain if it were to defend itself.

In subparagraph six Kingtom asserts "[t]hat the Court's disposition of this action would adversely affect or aggrieve Kingtom, pursuant to 28 U.S.C. § 2631(j)(1), such that Kingtom has a conditional right to intervene," but it does not explain how it would be affected or aggrieved. *See* Mot. at 7; *see also* Mot. at 5.

Consol. Court No. 21-00198
Page 3

Elsewhere in its Motion, Kingtom states that its "interests in the instant action are much broader than merely continuing to sell aluminum extrusions to Plaintiffs," and that "[t]he Final Determination finds that Kingtom's aluminum extrusions are Chinese-origin, and that the investigated transactions involve Kingtom selling Chinese-origin aluminum extrusions to Plaintiffs." Mot. at 4 (emphasis omitted). While Kingtom states that it has been "profoundly" harmed by the "legal effects" of the final determination, it fails to state with any clarity or specificity what the harm would be.

Finally, Kingtom asserts that its ability to protect its "interests" will be "substantially impaired" in this and in other actions in which Customs and Border Protection may rely on the findings in its final determination, but again, it fails to clearly state what these interests are.

Thus, to date, the court remains unconvinced that Kingtom has stated facts sufficient to satisfy the requirements for either intervention of right or permissive intervention under Rule 24. Nonetheless, these facts may exist. Accordingly, it is hereby

**ORDERED** that, on or before August 27, 2021, Kingtom may support its Motion with an affidavit or affidavits, by an individual or individuals with knowledge of the facts attested to therein, stating facts that support its application together with a brief of not more than ten pages explaining why the facts contained in the affidavits satisfy the requirements for intervention. Kingtom may wish to review *North American Interpipe, Inc. v. United States*, No. 20-03825, 2021 WL 2106427 (Ct. Int'l Trade May 25, 2021), generally for guidance.

      /s/ Richard K. Eaton
    Richard K. Eaton, Judge

Dated: August 5, 2021
       New York, New York