UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

———————————————————————————— )
                                                                         )
GLOBAL ALUMINUM DISTRIBUTOR LLC,        )
                                                                         )
                        Plaintiff,                                      )
                                                                         )
            and                                                          )
                                                                         )
HIALEAH ALUMINUM SUPPLY, INC.,                )
                                                                         )
                        Consolidated-Plaintiff,             )          Consol. Court No. 21-00198
                                                                         )
            and                                                          )
                                                                         )
KINGTOM ALUMINIO S.R.L.,                            )
                                                                         )
                        Plaintiff-Intervenor,                 )
                                                                         )
            v.                                                            )
                                                                         )
UNITED STATES,                                            )
                                                                         )
                        Defendant,                                 )
                                                                         )
            and                                                          )
                                                                         )
TA CHEN INTERNATIONAL, INC.,                  )
                                                                         )
                        Defendant-Intervenor.             )
———————————————————————————— )

## **ORDER**

Upon review of defendant's motion for voluntary remand, and all other pertinent papers,

it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that the March 18, 2021 determination by U.S. Customs and Border

Protection (CBP) in the administrative review of EAPA Consol. Case Number 7348 is remanded

to CBP for further consideration; and it is further

ORDERED that the remand proceedings shall be completed within sixty (60) days of the date of this Order; and it is further

ORDERED that defendant shall file a copy of any remand determination within sixty-five (65) days of the date of this Order; and it is further

ORDERED that the briefing under the current scheduling order is suspended; and it is further

ORDERED that the parties will propose a new briefing schedule within ten (10) days of the filing of the remand determination.

Dated: _____                                    _____
       New York, NY                                              JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE

_____

|  |  |
|---|---|
| GLOBAL ALUMINUM DISTRIBUTOR LLC, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| and | ) |
|  | ) |
| HIALEAH ALUMINUM SUPPLY, INC., | ) |
|  | ) |
| Consolidated-Plaintiff, | )   Consol. Court No. 21-00198 |
|  | ) |
| and | ) |
|  | ) |
| KINGTOM ALUMINIO S.R.L., | ) |
|  | ) |
| Plaintiff-Intervenor, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
| Defendant, | ) |
|  | ) |
| and | ) |
|  | ) |
| TA CHEN INTERNATIONAL, INC., | ) |
|  | ) |
| Defendant-Intervenor. | ) |

_____

## DEFENDANT'S MOTION FOR VOLUNTARY REMAND
## AND TO SUSPEND THE CURRENT BRIEFING SCHEDULE

Pursuant to Rules 7 and 56.2 of the Rules of the U.S. Court of International Trade

(USCIT), defendant respectfully requests that the Court remand the March 18, 2021 final

determination by U.S. Customs and Border Protection (CBP) in the administrative review of the

Enforce and Protect Act (EAPA), 19 U.S.C. § 1517, Consol. Case No. 7348.  *See* Public Admin.

Rec. Doc (P.R.) No. 318.  Remand would allow CBP to reconsider its administrative review

decision in light of the arguments set forth by Global Aluminum Distributor, LLC (Global),

Hialeah Aluminum Supply, Inc. (Hialeah) (collectively, the plaintiffs), and Kingtom Aluminio

S.R.L. (Kingtom) in their Motions for Judgment Upon the Agency Record (MJAR).  *See* ECF

Nos. 82-1 and 84-2.  In particular, remand would allow CBP to revisit and reweigh the record

evidence in light of the arguments presented in the MJARs, and for CBP to reevaluate its

decision that substantial evidence of evasion exists.

As demonstrated below, our request for a voluntary remand for reconsideration is

substantial and legitimate, conserves judicial resources, and fosters the just and efficient

resolution of this matter.  USCIT R. 1.

## BACKGROUND

On October 31, 2019, CBP initiated a formal EAPA investigation in response to a

supplemental allegation of evasion filed by Ta Chen International (Ta Chen), an importer of

aluminum extrusions.  *See* Confidential Admin. Rec. Doc (C.R.) Nos. 10-11.  Ta Chen alleged

that Global, Hialeah, and Florida Aluminum Extrusion, LLC (collectively, the Importers)

imported Chinese-origin aluminum extrusions into the United States by transshipment through

Kingtom, a Dominican Republic producer and exporter of aluminum extrusions, to evade the

payment of antidumping and countervailing (AD/CV) duties on aluminum extrusions from the

People's Republic of China.[1]  *Id.*  CBP's ensuing investigation was ultimately designated EAPA

Consol. Case No. 7348.

On November 2, 2020, CBP's Trade Remedy Law Enforcement Directorate (TRLED)

issued a notice of determination of evasion, finding substantial evidence that the Importers

---

[1] *See Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76
Fed. Reg. 30,650 (May 26, 2011); *Aluminum Extrusions from the People's Republic of China:
Countervailing Duty Order*, 76 Fed. Reg. 30,653 (May 26, 2011) (collectively, the Orders).

entered into the United States Chinese-origin aluminum extrusions transshipped through Kingtom's facility in the Dominican Republic, with a claimed country of origin as the Dominican Republic.  *See* C.R. No. 463.  As a result of TRLED's determination, CBP suspended or continued to suspend the Importers' entries from October 9, 2018 through the conclusion of the investigation, rate-adjusted any previously extended entries to type 03 (AD/CV), and stated that it would require single transaction bonds as appropriate.  *Id*.

Upon requests from the Importers, CBP's Regulations and Rulings (R&R) conducted an administrative *de novo* review of TRLED's determination.  *See* P.R. No. 318.  On March 18, 2021, R&R affirmed TRLED's determination of evasion.  *Id*.  Even though R&R found that Kingtom had the capacity to produce some aluminum extrusions it exported to the United States, R&R concluded that Kingtom did not have the capacity to produce all of the extrusions entered by the Importers.  *Id*.  R&R's conclusion was primarily based upon (1) videos of Kingtom's extrusion presses and personnel; (2) inconsistencies in Kingtom's sales and production records; (3) Kingtom's Chinese suppliers; and (4) various site visits to Kingtom's facility.  *Id*.

Global and Hialeah separately commenced suit to contest CBP's decisions.  The suits were consolidated; Ta Chen joined as a defendant-intervenor and Kingtom joined as a plaintiff-intervenor.  In their MJARs Global, Hialeah, and Kingtom argue that (1) TRLED's application of adverse inferences against the Importers and Kingtom was arbitrary and capricious and not in accordance with the law; (2) R&R's affirmation of evasion was arbitrary and capricious and not in accordance with EAPA; (3) substantial evidence on the record does not support a finding of evasion; (4) the parties' procedural due process rights were violated by CBP's investigation; and (5) CBP should have consolidated EAPA Case No. 7348 with EAPA Case No. 7423, which also concerned Global, Kingtom, other importers, and a different alleger.

## ARGUMENT

### I.     Standard Of Review

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  "{I}f the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id*. at 1029.  An agency's concerns are substantial and legitimate when "(1) [it] supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013) (citation omitted).  *See also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action."); *SKF*, 254 F.3d at 1029-30 (stating that "a remand to the agency is required, absent the most unusual circumstances verging on bad faith," particularly with respect to a change in policy relating to the interpretation of an ambiguous statute).

### II.     Remand Is Warranted

Our request for a voluntary remand is substantial and legitimate in that remand would allow CBP to revisit and reconsider its decision regarding the central issue before the Court, namely whether there is substantial record evidence of evasion.  In their briefing, the plaintiffs and Kingtom highlight the lack of affirmative evidence of evasion on the record, point out logistical gaps in the feasibility of the purported transshipment scheme, and address perceived inconsistencies in the documents and materials provided by Kingtom and the Importers during the course of CBP's investigation.  The briefing also explains in detail Kingtom's production

capacity and extrusion equipment, the nature of Kingtom's relationship with its owners and suppliers, and the commonalities among the site visits to Kingtom's facility.  As a result of the plaintiffs' and Kingtom's arguments regarding the record evidence, CBP respectfully requests that it be afforded the opportunity to reevaluate the record evidence in light of these arguments and to reconsider its finding of evasion.  Because defendant's request for remand goes to the heart of the plaintiffs' and Kingtom's challenge to CBP's decision of evasion, our request is substantial and legitimate, and is therefore, appropriately made.

Should the Court grant our request for a remand, CBP will render any remand determination within 60 days of the Court's remand order, and file the determination within 65 days of the order.  On remand, CBP intends to reexamine the record evidence and agency decisions in the underlying administrative proceedings in light of the arguments raised by plaintiffs and Kingtom on appeal; the agency does not foresee reopening the administrative record itself.  Once the remand is complete, we will move for leave to supplement the administrative record to include the required documents.  Given the nature of our request for a remand, we also respectfully request that the current briefing schedule in this case be suspended, and that the parties be permitted to propose a new briefing schedule within ten (10) days of the filing of the remand determination, if additional briefing is required.  Because CBP has requested an expeditious remand, the parties will not be unduly prejudiced by the voluntary remand. Accordingly, our request for a voluntary remand for reconsideration should be granted.

Counsel for the Government has conferred with counsel for the parties in the consolidated action.  Lizbeth R. Levinson of Fox Rothschild LLP consents to the relief requested on behalf of Hialeah; David J. Craven of Craven Trade Law LLC consents to the relief requested on behalf of Global with the understanding that CBP does not intend to reopen the administrative

record; Jordan L. Fleischer of Morris, Manning & Martin, LLP consents to the relief requested on behalf of Kingtom with the understanding that CBP does not intend to reopen the administrative record; and Jeremy W. Dutra of Squire Patton Boggs (US) LLP advised that Ta Chen does not take a position on the motion.

For these reasons, we respectfully request that the Court grant our motion.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Alexander Vanderweide
Of Counsel:                              ALEXANDER VANDERWEIDE
Tamari J. Lagvilava                      Senior Trial Counsel
Chelsea Reyes                            Civil Division, U.S. Dept. of Justice
Office of Chief Counsel                  Commercial Litigation Branch
U.S. Customs and Border Protection       26 Federal Plaza, Room 346
                                         New York, New York 10278
                                         *Attorneys for Defendant*

April 14, 2022

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this

Court, that this motion contains 1754 words, excluding any materials excluded from those

Procedures' requirements, as calculated by the word processing system used to prepare this brief

(Microsoft Word).

<u>/s/ Alexander Vanderweide</u>