# THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| GLOBAL ALUMINUM DISTRIBUTOR LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> HIALEAH ALUMINUM SUPPLY, INC., ) <br> ) <br> Consolidated Plaintiff, ) <br> ) <br> KINGTOM ALUMINIO S.R.L. ) <br> ) <br> Plaintiff-Intervenor, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> TA CHEN INTERNATIONAL, INC., ) <br> ) <br> Defendant-Intervenor. ) | **PUBLIC DOCUMENT** <br><br> Consol. Ct. No. 21-00198 |

### OPPOSITION OF PLAINTIFF-INTERVENOR KINGTOM ALUMINIO S.R.L. TO ALUMINUM EXTRUSION FAIR TRADE COMMITTEE'S MOTION TO INTERVENE

Plaintiff-Intervenor Kingtom Aluminio S.R.L. ("Kingtom") files this opposition to the Aluminum Extrusion Fair Trade Committee ("AEFTC")'s motion for permissive intervention, ECF No. 96. *See* Motion to Intervene, *Global Aluminum Distributor LLC v. United States et* al, No. 21-00198 (Ct. Int'l Trade June 22, 2022), ECF No. 6. As discussed below, the Court should deny AEFTC's motion for permissive intervention as it is untimely and fails to establish any of the requirements for permissive intervention.

1

I.  **BACKGROUND**

On June 22, 2022, AEFTC, a coalition of domestic manufacturers and the alleger in the EAPA investigation that gave rise to *H&E Home, Inc. et al. v. United States*, Consol. Ct. No. 21-00337, filed its motion for permissive intervention in this case.  AEFTC did not participate in the investigation giving rise to this appeal.  All Plaintiffs indicated that they oppose AEFTC's intervention, while Defendant deferred to the Court, and Defendant-Intervenor consented.[1]

Also on June 22, 2022, Kingtom filed a motion to enter judgment in favor of Defendant the United States' remand redetermination.  All Plaintiffs and Defendant joined in the motion.  Defendant-Intervenor did not respond to Kingtom's repeated communications requesting its position on the motion.  *See* Motion to Enter Judgment, *Global Aluminum Distributor LLC v. United States et al.*, No. 21-00198 (Ct. Int'l Trade June 22, 2022), ECF No. 95 at 2-3.

II.  **ARGUMENT**

**A.  AEFTC's Motion is Untimely**

As an initial matter, AEFTC's motion is untimely.[2]  Rule 24(b) of the Rules of this Court, which deals with permissive intervention, states that "{o}n timely motion, the court may permit anyone to intervene who:  (A) is given a conditional right to invervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  The factors utilized by the Court in evaluating the timeliness of motions to intervene were set forth by the Court of Customs and Patent Appeals in *Sumitomo Metal Indus., Ltd. V. Babcock & Wilcox Co.*, 69 C.C.P.A. 75 (Ct. Customs 1982).  We note that while these factors were enumerated in the context of motions to intervene as of right, they also apply to motions for permissive

---

[1] Defendant-Intervenor consented to AEFTC's motion on June 22, 2022, the day it was filed.

[2] *See* CIT Rule 24(b)(1) ("On timely motion, the court may permit anyone to intervene who…").

2

intervention. *See Fairholme Funds, Inc. v. United States*, 681 Fed. Appx. 945 (Fed. Cir. 2017).

As the *Sumitomo* court explained, the Court weighs the following three factors:

> (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his right to intervene in the case before he applied to intervene;
>
> (2) whether the prejudice to the rights of existing parties be allowing intervention outweighs the prejudice to the would-be intervenor by denying intervention;
>
> (3) existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sumitomo Metal Indus., Ltd. V. Babcock & Wilcox Co.*, 69 C.C.P.A. 75, 81 (1982); see also *Belton Indus., Inc. v. United States,* 6 F.3d 756, 762 (Fed. Cir. 1993); *Doe v. United States*, 44 Fed. Appx. 499, 501 (Fed. Circ. 2002).

Consideration is first given to the "time trigger," *i.e.*, when the right to intervene actually arose — timeliness is considered from that date. *See Sumitomo*, 69 C.C.P.A. at 81. The Court has also expressed the "time trigger" as being when "the would-be intervenor kn{e}w (or reasonably should have known) of his or her interest in the case before he or she petitioned for leave to intervene." *Norcal/Crosetti Foods, Inc. v. U.S. Customs Service*, 14 C.I.T. 702, 703 (Ct. Int'l Trade 1990). AEFTC knew of its interest in this case from the very beginning of this proceeding and therefore its motion to intervene at this late stage is clearly untimely. Indeed, AEFTC admits as much in its motion. ECF No. 96 at 7 ("AEFTC knew of its right to right to intervene after the complaint was filed.").[3]

In *Norcal/Crosetti Foods*, the Court looked *to Donovan v. United Steelworkers of Am.*, 721 F.2d 126 (3rd Cir. 1983), in which the Third Circuit denied a party's motion to intervene for being untimely. As the Court explained, the "appellant/intervenor sought to intervene more than

---

[3] Kingtom notes that this is inaccurately stated, as AEFTC has no right to intervene. Nonetheless, this serves as an admission that it knew about the case since it was filed.

3

thirteen months after the complaint had been filed, after all pre-trial work was completed and the case was scheduled for trial. The district court denied the motion for intervention as untimely." *Norcal/Crosetti Foods, Inc. v. U.S. Customs Service*, 14 C.I.T. at 703 (citing *Donovan v. United Steelworkers of Am.*, 721 F.2d at 127). The *Donovan* circuit court further found that "excuses given by the appellant/intervenor were unpersuasive, and 'resembled evidence of tactical decisions.'" *Id.*

As AEFTC admits in its motion, the same is true here. AEFTC did not file its motion to intervene until fourteen months after the filing of the complaint, and after the completion of a voluntary remand. AEFTC's failure to request an intervention until this point is a purely tactical move and a bald-faced attempt to make up for its own inaction and to place the burden of additional litigation onto the parties that have participated since the appeal commenced more than one year ago.

Second, the Court considers whether the existing parties to the litigation would be prejudiced by the intervention. It is clear that at this stage of the present case, the existing parties would be prejudiced by AEFTC's late intervention. While the timeliness requirement for motions to intervene is not meant to punish a would-be litigant for not acting more promptly, it is designed to ensure that the original litigants not be prejudiced by the applicant's failure to apply sooner. *Silver Reed America, Inc. v. United States*, 8 C.I.T. 342, 348-49 (Ct. Int'l Trade 1984) (citing *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). More specifically, courts weigh the "prejudice which existing parties to the litigation may suffer as a result of the would-be intervenor's failure to intervene when the right to intervene arose . . . against the prejudice the would-be intervenor may suffer if intervention is denied." *Sumimoto*, 69 C.C.P.A. at 83.

As the Court stated in *Norcal/Crosetti Foods*, "{p}rejudice to the existing parties is perhaps the most important factor in determining timeliness of a motion to intervene." *Norcal/Crosetti Foods* at 704.  The *Norcal/Crosetti Foods* Court looked to *County of Orange v. Air California*, 799 F.2d 535 (9th Cir. 1986) as a situation in which a court considered prejudice at a late stage of litigation:

> *County of Orange v. Air California* emphasized the "seriousness of prejudice which results when relief from longstanding inequities is delayed" by allowing intervention at a late stage in the proceedings. In that case *appellant attempted intervention after a settlement had been reached between the parties*. The district court stated that allowing intervention would be the undoing of five years of protracted litigation finally resolved by stipulated judgment.
>
> Although this dispute fortunately has not taken five years to reach its present phase, *it is now close to resolution*. Intervention by Covemex would almost inevitably delay the proceedings in one way or another. The existing parties would likely be prejudiced by the added arguments and briefs of Covemex, as well as any possible motions to extend time for briefing or discovery which might arise. If Covemex were allowed to intervene at this point in the case, after Plaintiff's Motion for Summary Judgment has already been filed, and only days before the filing deadline for Defendant's reply brief, final consideration of the substantive issues now before the Court would almost certainly be slowed.

*Norcal/Crosetti Foods* at 705 (quoting *County of Orange v. Air California*, 799 F.2d at 538) (emphasis added).

Like in *Norcal/Crosetti Foods*, AEFTC is seeking intervention after dispositive motions have been filed.  Indeed, similarly to in *County of Orange v. Air California*, parties to this appeal have already conferred and reached an agreement to resolve the dispute at issue.  AEFTC intervening therefore would prolong a proceeding that would have otherwise been resolved amongst the parties.  In fact, AEFTC admits in its motion that it intends to submit arguments where no other arguments would otherwise be presented.

As the Court further explained in *Norcal/Crosetti Foods*:

> This Court is charged by Rule 1 of the Rules of Court, to construe the Rules "to secure the just, speedy, and inexpensive determination of every action." As stated above,

5

> plaintiff's complaint was filed a year and a half ago. Covemex had a considerable period of time to intervene, but chose not to.
>
> The court has set an accelerated schedule for this case and does not wish to jeopardize its efforts to navigate this case between the shoals of government bureaucracy and neglect so that an outsider sitting on the shore may come on board the case when it considers advantageous to do so. It is too late in the day for this Court to allow Covemex to intervene as a party to the case. Covemex had its chance earlier on, but missed it.

*Id.* The Court has the same obligations here pursuant to its rules to secure the just, speedy, and inexpensive determination of this action. *See* USCIT R.1. If the Court grants this untimely motion then it would prevent the speedy resolution of this case.

Finally, there are no unusual circumstances here that would justify the untimeliness of this intervention. AEFTC claims that the fact that the Government made a different determination on remand is "unusual," ECF No. 96 at 7, but the majority of Court remands result in changes to determinations. Furthermore, it is not unusual, as AEFTC claims, that the Government supports its own redetermination, as it does so in almost every case. Ultimately, while AEFTC may be surprised that the Government changed its determination on remand, it doing so is by no means "unusual" such that an untimely intervention would be justified.

In sum, the Court should deny AEFTC's untimely motion, as it has been more than a year after it should have attempted intervention, it would prevent the speedy and just resolution of this case, and these are not unusual circumstances.

### B. AEFTC Failed to Demonstrate a Conditional Right to Intervene

In addition to AEFTC's motion being untimely, it fails to establish the factors necessary for the Court to grant permissive intervention. More specifically, AEFTC has not demonstrated that it would be "adversely affected or aggrieved" by the timely resolution of this case. As the Court explained in *North American Interpipe, Inc. v. United States*, 519 F. Supp. 3d 1313 (Ct.

6

Int'l Trade 2021), to be "adversely affected or aggrieved" in the context of permissive intervention, a proposed intervenor must demonstrate independent constitutional standing:

> That is, a proposed intervenor seeking permissive intervention pursuant to 28 U.S.C. § 2631(j)(1) must demonstrate that (1) it is threatened with injury in fact (2) from a decision of the court (3) that is redressable by a ruling in favor of the party on whose side the proposed intervenor seeks to intervene.

Indeed, the late stage of this litigation means that the requirement of threat of an injury in fact is *heightened*. *Id.* at 1330 (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The Court in *Interpipe* further explained that, "at the very minimum . . . a proposed intervenor invoking Rule 24(b)(1)(A) and 28 U.S.C. § 2631(j)(1) to join a lawsuit—like a plaintiff commencing a lawsuit—has the burden of proffering a pleading with factual allegations establishing standing." *Id.* AEFTC has made no attempt to explain what injury in fact it would be threatened with if it is not granted intervention. The failure of AEFTC to even attempt to establish what injury in fact it would suffer means that it failed to demonstrate constitutional standing, which is a requirement for permissive intervention.

As the Court explained in *Interpipe*, a proposed intervenor seeking permissive intervention must also demonstrate prudential standing, one aspect of which is third-party standing. *Id.* at 1332. Even assuming AEFTC had constitutional standing (which it has not even attempted to demonstrate), the Court may nonetheless deny intervention if the proposed intervenor "seeks to vindicate not its own legal right or interest, but instead the 'legal rights or interests of a third party.'" *Id.* at 1332-33 (quoting *Starr Int'l Co., Inc. v. United States*, 856 F.3d 953, 965 (Fed. Cir. 2017)).

AEFTC concedes that it is seeking to defend the Government's original determinations in the underlying investigation, while the Government itself now asks the Court to affirm the Government's determination on remand. ECF No. 96 at 7. In *Interpipe* the Court held:

7

> To have third-party standing to defend the government's sovereign interests, U.S. Steel and the Pipe Producers would have to "demonstrate a close relationship with the person who possesses the right, i.e., the government, and a hindrance to the government's ability to protect its own interests." Neither U.S. Steel nor the Pipe Producers make any attempt to satisfy these requirements.

*Interpipe*, 519 F. Supp. 3d at 1333 (quoting *PrimeSource Bldg. Prods. v. United States*, 494 F. Supp. 3d 1307, 1331 (Ct. Int'l Trade 2021). Like in *Interpipe*, AEFTC has not even attempted to demonstrate a close relationship with the Government or any hindrance to the Government's ability to defend its interests. In fact, the only hindrance to the Government's interest in this case is AEFTC's attempted intervention. It is in the Government's interest now to seek the Court's affirmance of the remand redetermination.

### C.  AEFTC Cannot Intervene Based on a Shared Claim or Defense

AEFTC wholly fails to establish that it shares a claim or defense with the Government in this case. Rather, the only claim AEFTC presents here is *against* the Government.

Rule 24(b)(1)(B) provides that the Court has the discretion to grant permissive intervention in the event a prospective intervenor shares a common defense with the main action. The *Interpipe* Court explained that "claim or defense" in that rule must be read in tandem with "claim" in Rule 8(a)(2) and "defense" in Rule 8(c)(1)(A), and therefore a plaintiff must be able to assert its claim against a proposed intervenor under Rule 24(b)(1)(B). If the plaintiff cannot, then no intervention on that basis can be granted.

The *Interpipe* Court considered whether it could grant intervention on this basis. In *Interpipe*, two domestic steel manufacturers sought to intervene on the side of the government. However, plaintiffs' action was against the government's collection of Section 232 duties, which plaintiffs could obviously not assert against the domestic producers. As plaintiffs could not sue domestic steel producers for such refunds, domestic steel producers could not share a claim or defense with the government to not provide those refunds.

8

The *Interpipe* Court further explained in a footnote that Rule 24 is not meant to provide an avenue to intervene in such cases. Instead, it is meant to provide a means for a party against whom a separate action could be filed to intervene. It is "assuredly not an open invitation for an outsider to inject itself as a defendant into litigation simply because it wants the plaintiff to lose." *Interpipe*, 519 F. Supp. 3d at 1334 n.36.

Here, the Plaintiffs' claim could not be independently filed against AEFTC, so AEFTC necessarily cannot share a common claim or defense with the main action that would allow it to seek the Court's discretion to intervene on this basis.

### III.  CONCLUSION

For the foregoing reasons we respectfully request that this Court deny AEFTC's untimely motion to intervene.

Respectfully submitted,

/s/ Brady W. Mills
Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey

**MORRIS, MANNING & MARTIN LLP**
1401 Eye Street, N.W., Suite 600
Washington, D.C. 20005
(202) 216-4116

*Counsel to Kingtom Aluminio S.R.L.*